CLIFTON, Circuit Judge,
concurring in part and dissenting in part:
I agree with and concur in most of the majority opinion, but I have one significant disagreement that prevents me from concurring in full. The majority opinion concludes, at 976-77, that there are genuine issues of fact regarding whether the enactment and/or enforcement of A.R.S. § 15-112 was motivated at least in part by a discriminatory intent. It thus orders that the equal protection claim be remanded for trial. I agree that the equal protection claim should be remanded, but I cannot agree that Plaintiffs have already presented sufficient evidence to establish that there is a genuine dispute of material fact on that issue. We should simply remand for further proceedings, without precluding further consideration of summary judgment.
The majority opinion concludes, specifically, that sufficient evidence was presented to raise a genuine dispute as to whether the enactment and/or enforcement of the statute “was motivated, at least in part, by an intent to discriminate against MAS students on the basis of their race or national origin.” Majority op. at 981. In doing so, however, the majority opinion conflates antipathy toward Tucson’s Mexican American Studies program (“MAS”) with animus toward Mexican Americans more generally. They are not the same. The district court recognized that difference when it concluded that “the evidence indicates that Defendants targeted the MAS program, not Latino students, teachers, or community members who supported or participated in the program.” The majority opinion ignores that distinction.
All of the evidence cited by the majority opinion to support its conclusion pertains specifically to the Tucson MAS program, not to general hostility toward Mexican Americans. The majority leans heavily, for example, on the observation that statute was enacted in response to complaints about the Tucson MAS program and has been enforced only against that program. Id. at 973-74 & 977-78. It cites a legislator’s negative description of the Tucson MAS program and attacks on that program by other politicians. Id. at 979-80. But what it doesn’t point to is evidence that supports the contention that the motivation for enacting or enforcing the statute was animus against Mexican Americans. That there was opposition to the Tucson MAS program does not prove that the opposition was ethnically animated.
The majority opinion notes Plaintiffs’ statement that they would have introduced evidence to support that proposition if they had been given the opportunity to brief the equal protection claims under a summary *991 judgment analysis. I agree that Plaintiffs should be given the opportunity to present that evidence, but we should not pretend that proof of. that proposition is already in the record. As the record stands now, there is not enough to justify the majority opinion’s conclusion.
. There could have been good reasons for public officials to oppose the Tucson MAS program without any racial animus whatsoever. The Tucson school district appealed the findings of Superintendent John Huppenthal that the program violated the statute, and following an evidentiary hearing, an administrative law judge found that the Tucson MAS program did, in fact, violate the statute. The judge concluded that the program had courses that violated § 15-112(A)(2) (promoting racial resentment) and (A)(4) (advocating ethnic solidarity instead of treating pupils as individuals). He concluded that the program had “courses designed for Latinos as a group that promote[] racial resentment against “Whites.’ ” He found that evidence at the hearing “demonstrate^ that MAS classes cause students to develop a sense or racial resentment toward the ‘white oppressor’ or ‘dominant’ group. The philosophy of ‘us against them’ is a persistent theme that exists within the MAS program.”
Those conclusions are not before us for review, and I have no independent knowledge or basis to say whether they were accurate. But if a public official believed those charges to be true, that officeholder’s opposition to the Tucson MAS program would not be surprising and would not itself demonstrate any discriminatory motivation. The majority opinion agrees with the district court’s conclusion that the statute is not discriminatory on its face, and I agree as well. If so, then support for the statute, without any other proof of racial animus, does not prove discriminatory motivation.
I respectfully dissent from that portion' of the majority